IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROBERT BILLER, KAYLA            :
BILLER b/n/f ROBERT BILLER,     :
and BROOKE BILLER b/n/f         :
ROBERT BILLER                   :
                                :      CIVIL ACTION NO.
        Plaintiffs,             :      1:13-CV-03495-RWS
                                :
v.                              :
                                :
THE PRUDENTIAL                  :
INSURANCE COMPANY OF            :
AMERICA and SIX                 :
CONTINENTS HOTELS, INC.         :
d/b/a INTERCONTINENTAL          :
HOTELS GROUP                    :
                                :
        Defendants.             :

## ORDER

This case comes before the Court on Defendant Six Continents Hotels, Inc.'s Motion to Dismiss [11].  After reviewing the record, the Court enters the following order.

### Background

While an employee of Defendant Six Continents Hotels, Plaintiff Tamara Biller participated in an employee benefits plan that included a life insurance policy insured by Defendant Prudential Insurance Company of America

("Prudential").  (Compl., Dkt. [1] ¶ 7.)[1]  On October 28, 2010, Ms. Biller's employment with Six Continents was terminated.  She then sought to convert her group life insurance policy into an individual policy under an option included in the contract.  To convert a group policy to an individual policy under the option, a former employee must apply for an individual contract and pay the first premium by the later of: (1) within 31 days after the end of employment, or (2) within 15 days of receiving written notice of the conversion privilege.  (Insurance Contract, Dkt. [15-2] at 22.)

On November 3, 2010, Ms. Biller contacted Prudential and was informed that the insurance conversion could not be completed without a written notice from her employer.  On November 9, 2010, Ms. Biller contacted Linda Thomas of Six Continents' Human Resources Department, who said the notice would be mailed to her.

On November 11, 2010, ADP Benefit Services sent Ms. Biller a notice of her right to convert her group life insurance policy to an individual policy.  The notice informed her that she had to request the conversion within 31 days of the group policy's termination and directed her to contact Six Continents' Human

---

[1]Unless otherwise stated, all facts are taken from Plaintiff's Complaint [1].

2

Resources Department to receive an application for conversion.  (Coverage Election Notice, Dkt. [1] at 13.)  After receiving the notice from ADP, Ms. Biller contacted Prudential, and Prudential informed her that she still needed to fill out an application from Six Continents.  Ms. Biller again contacted Ms. Thomas, who said she would mail the application.  When the application did not arrive, Ms. Biller called Ms. Thomas once more.  On December 3, 2010, Ms. Thomas mailed an application for conversion to Plaintiff for her to fill out and submit to Prudential.  Ms. Biller finally received the application on December 10, 2010. When she contacted Prudential, however, she was told that the 31-day period had already expired, and therefore her conversion application could not be accepted.

On February 27, 2011, Ms. Biller died unexpectedly. Plaintiffs, beneficiaries of the plan, sought life insurance benefits from Prudential but were denied.  The benefits were also denied on appeal.  Plaintiffs filed this action on October 23, 2013, against Defendants Prudential and Six Continents. Based on the foregoing allegations, Plaintiffs seek equitable relief under 29 U.S.C. § 1132(a)(3) for breach of fiduciary duty against both Defendants.  With respect to Six Continents, Plaintiffs argue that it breached its fiduciary duties by

3

(1) "indicating a request for conversion within 31 days of the termination was all that was needed to convert the policy"; (2) "indicating that a call to its global HR department would result in an application for conversion"; (3) "not sending out the notice of group life conversion privilege form until December 3, 2010"; and (4) "not informing Ms. Biller that Prudential might also consider the fifteen (15) day period subsequent to the notice of group life conversion form to be adequate to apply for conversion."  (Compl., Dkt. [1] ¶ 28.)  Defendant Six Continents now moves for dismissal.

## Discussion

### I.        Motion to Dismiss Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  While this pleading standard does not require "detailed factual allegations," mere labels and conclusions or "a formulaic recitation of the elements of a cause of action will not do."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

4

face.'"  Id. (quoting Twombly, 550 U.S. at 570).  A complaint is plausible on its

face when the plaintiff pleads factual content necessary for the court to draw the

reasonable inference that the defendant is liable for the conduct alleged.  Id.

      "At the motion to dismiss stage, all well-pleaded facts are accepted as

true, and the reasonable inferences therefrom are construed in the light most

favorable to the plaintiff."  Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273

n.1 (11th Cir. 1999).  However, the same does not apply to legal conclusions set

forth in the complaint.  See Iqbal, 556 U.S. at 678.  "Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not

suffice."  Id.  Furthermore, the court does not "accept as true a legal conclusion

couched as a factual allegation."  Twombly, 550 U.S. at 555.

      "The district court generally must convert a motion to dismiss into a

motion for summary judgment if it considers materials outside the complaint."

D.L. Day v. Taylor, 400 F.3d 1272, 1275-76 (11th Cir. 2005); see also Fed. R.

Civ. P. 12(d).  However, documents attached to a complaint are considered part

of the complaint.  Fed. R. Civ. P. 10(c).  Documents "need not be physically

attached to a pleading to be incorporated by reference into it; if the document's

contents are alleged in a complaint and no party questions those contents, [the

court] may consider such a document," provided it is central to the plaintiff's claim.  D.L. Day, 400 F.3d at 1276.  At the motion to dismiss phase, the Court may also consider "a document attached to a motion to dismiss . . . if the attached document is (1) central to the plaintiff's claim and (2) undisputed."  Id. (citing Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002)).  "'Undisputed' means that the authenticity of the document is not challenged."  Id.

## II.    Analysis

Six Continents contends (1) it is not the proper party for a breach of fiduciary duty action because Prudential, not Six Continents, was the fiduciary with regard to the life insurance plan; (2) Plaintiffs may not maintain an equitable action under 29 U.S.C. § 1132(a)(3)[2] because they have a remedy available under 29 U.S.C. § 1132(a)(1)(B)[3] to recover benefits; and (3) Plaintiffs do not seek appropriate equitable relief under § 1132(a)(3).

---

[2]The Supreme Court has characterized § 1132(a)(3) as a "catchall" provision "act[ing] as a safety net, offering appropriate equitable relief for injuries caused by violations that [§ 1132] does not elsewhere adequately remedy."  Varity Corp. v. Howe, 516 U.S. 489, 512 (1996).

[3]29 U.S.C. § 1132(a)(1)(B) authorizes a civil action "by a participant or beneficiary . . . to recover benefits due to him under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

6

A.      Whether Six Continents is a Fiduciary

First, Six Continents argues that Prudential was the fiduciary because Six Continents delegated to it all fiduciary duties concerning the life insurance policy.  Plaintiffs respond that Six Continents is a fiduciary because it is listed as the plan administrator for the Health and Welfare Benefit Plan ("Plan"), which encompasses the life insurance policy, among other benefits, in those documents and on its Internal Revenue Service Form 5500.  (Dkt. [15-1] at 2.) Further, Six Continents breached its fiduciary duty by failing to provide Ms. Biller with the conversion form in a timely manner, by improperly advising her of the rights she might have under the insurance policy, and by failing to assist her after Defendant Prudential told her that the conversion period had expired. (Compl., Dkt. [1] ¶ 28.)

Under the Employee Retirement Income Security Act ("ERISA"),

a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

7

29 U.S.C. § 1002(21)(A).  "Proof of who is the plan administrator [or plan fiduciary] may come from the plan document, but can also come from the factual circumstances surrounding the administration of the plan, even if these factual circumstances contradict the designation of the plan document."  Hamilton v. Allen-Bradley Co., 244 F.3d 819, 824 (11th Cir. 2001).  Courts focus on whether employers exercise discretionary control over a plan in evaluating whether employers owe any fiduciary duties.  See, e.g., Varity Corp. v. Howe, 516 U.S. 489, 492-93 (1996) (holding that employer was a fiduciary because it exercised discretionary authority over the plan's management and administration by determining which employees would benefit from the plan and how the plan would be organized); Hamilton, 244 F.3d at 827 (holding that employer was a fiduciary when it exercised discretionary authority over the plan and decided the merits of employees' claims).

Furthermore, a benefit plan may provide for a named fiduciary such as a plan administrator or sponsor "to designate persons other than named fiduciaries to carry out fiduciary responsibilities . . . under the plan."  29 U.S.C. § 1105(c)(1).  If a "person is designated to carry out any such responsibility, then such named fiduciary shall not be liable for an act or omission of such

8

person in carrying out such responsibility" except in certain limited circumstances not present here.  29 U.S.C. § 1105(c)(2).

Six Continents asserts that it delegated all fiduciary duties to Prudential under the terms of the life insurance policy.  Thus, even if Six Continents was a plan administrator and fiduciary for some Plan benefits, it was not the named fiduciary for the life insurance policy.  (Def.'s Reply, Dkt. [22] at 3.)  Under the overarching Plan, "[t]he Company and the Committee are named fiduciaries of the Plan (as that term is used in ERISA) and shall have the authority to control and manage the operation and administration of the Plan."  (Dkt. [15-4] at 21.) Yet in the definitions section, the Plan notes that the insurance company is the "claims fiduciary" for the life insurance plan:

> Claims Fiduciary means an individual or entity, designated in the Plan . . . or otherwise appointed by the Committee, to have final discretionary authority to interpret the terms of the Plan and decide questions of fact, as necessary to make a determination as to whether the Claims presented to the Claims Fiduciary are payable, in whole or in part, in accordance with the terms of the Plan. *For the Insured Benefit Programs, the insurance company is the Claims Fiduciary.*

(Dkt. [11-3] at 2 (emphasis added).)  And according to the life insurance plan itself, "The Prudential Insurance Company of America as Claims Administrator

9

has the *sole discretion* to interpret the terms of the Group Contract, to make factual findings, and to determine eligibility for benefits." (Dkt. [11-2] at 2 (emphasis added).)

Plaintiffs emphasize that while Prudential may be the "claims administrator/fiduciary regarding whether benefits are owed," Six Continents is the plan administrator and fiduciary of the overall Plan. (See Pls.' Resp., Dkt. [15] at 7-8.) Moreover, Plaintiffs argue that because Six Continents controlled when Ms. Biller received the conversion application form and provided her misinformation about the conversion application process, it was a plan administrator with fiduciary responsibilities. (Id. at 10-11.) The Court agrees.

Under ERISA's definition of fiduciary, "a party is a fiduciary 'to the extent' that it performs a fiduciary function." Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1277 (11th Cir. 2005) (quoting 29 U.S.C. § 1002(21)(A)). Therefore, "fiduciary status under ERISA is not an 'all-or-nothing concept,' and 'a court must ask whether a person is a fiduciary with respect to the particular activity at issue.' " Id. (quoting Coleman v. Nationwide Ins. Co., 969 F.2d 54, 61 (4th Cir. 1992)).

10

First, the relevant activity here is the conversion application process.  Six Continents appears to argue that the relevant activity is the determination of benefits.  Indeed, most of the cases it cites relate to benefits determinations.  See, e.g., Garren v. John Hancock Mut. Life Ins. Co., 114 F.3d 186, 187 (11th Cir. 1997) ("The proper party defendant in an action concerning ERISA benefits is the party that controls administration of the plan."); Peters v. Hartford Life & Accident Ins. Co., 367 F. App'x 69, 70 (11th Cir. 2010) (holding that employer was not the proper party because the insurance company was the named fiduciary responsible for processing plaintiff's claim even though employer submitted information to the insurance company, communicated with an employee about her claim, and informed employees of the proper procedures for submitting a claim); Tookes v. Metro. Life Ins. Co., No. 1:04-CV-1957-RWS, 2006 WL 870313, at *9 (N.D. Ga. Mar. 31, 2006) (holding that employer was not a fiduciary under ERISA when employer delegated all decision making responsibility for claims to the insurance company).  Yet while Plaintiffs applied for and were denied benefits, they now concede they are not entitled to benefits under the terms of the policy and ground their cause of action in Defendants' failure to properly advise Plaintiff

11

or send her the necessary paperwork to complete the application on time. Moreover, Plaintiffs allege that Ms. Biller was required to go through Six Continents to receive her conversion application form.  Thus, if Six Continents had a fiduciary duty with respect to these activities, it does not matter that it lacked discretion over making benefits determinations.

Second, at this stage the Court finds that Six Continents did not delegate all fiduciary duties concerning the administration of the life insurance policy to Prudential.  To illustrate, the Plan states that Six Continents has "the authority to control and manage the operation and administration of the Plan."  (Dkt. [15-4] at 21.)  The Plan then states that Prudential is only the "claims fiduciary," and the insurance contract also specifies that Prudential has sole discretion over claims determinations.  So, even if Prudential is the fiduciary with respect to claims determinations and interpreting the policy's terms, Six Continents retained fiduciary duties unrelated to claims determinations as administrator of the Plan.  In other words, even if Six Continents "does not have any control over the administration of the benefit at issue," (Def.'s Br., Dkt. [11-1] at 4), it nevertheless was responsible for notifying former employees like Ms. Biller of their conversion rights and providing them applications for conversion.

Because this activity—not a determination of benefits—is the subject of Plaintiffs' breach of fiduciary duty claim, Plaintiffs have plausibly alleged that Six Continents owed Ms. Biller a fiduciary duty when she requested an application to convert her life insurance.  Cf. Henderson v. Transamerica Occidental Life Ins. Co., 120 F. Supp. 2d 1278, 1283 (M.D. Ala. 2000) (suggesting that, while employer was not a fiduciary with respect to insurer's benefits determinations when employer "only performed ministerial functions on behalf of its employees" by providing claims forms, filling out the employer sections of those forms, and forwarding information from employees to insurers, "[c]ertainly [the employer] was under a fiduciary duty to forward Plaintiff's claims to" the insurers).

> B.    Whether Plaintiffs May Maintain an Action Under 29 U.S.C. §
>        1132(a)(3)

Six Continents next asserts that Plaintiffs are not entitled to seek equitable relief for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3), ERISA's "catchall" provision, because they have a remedy available under 29 U.S.C. § 1132(a)(1)(B) for benefits due under the policy.  Plaintiffs respond that they cannot assert a claim for benefits, and thus have no remedy, because

they are not entitled to any benefits under Ms. Biller's unconverted life insurance policy.

"While Congress did not provide a remedy for breaches of [§ 1104] fiduciary obligations in the specific remedial provisions found in [§§ 1132(a)(1) and (a)(2)], the Supreme Court in <u>Varity [Corp v. Howe</u>] recognized a cause of action under ERISA's 'catchall' provision in [§ 1132(a)(3)], which authorizes plan participants and beneficiaries to maintain an action to obtain 'appropriate equitable relief' to redress violations of ERISA or the terms of an ERISA-governed plan."  <u>Jones v. Am. Gen. Life & Acc. Ins. Co.</u>, 370 F.3d 1065, 1071 (11th Cir. 2004) (citing <u>Varity</u>, 516 U.S. at 512).  In <u>Varity</u>, however, the Supreme Court explained that because § 1132(a)(3) authorizes only "appropriate" equitable relief, "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'"  516 U.S. at 515.

In that vein, the Eleventh Circuit has held that "a breach of fiduciary duty claim could not constitute 'appropriate' equitable relief within the meaning of [§ 1132(a)(3)] for an injury that could be adequately remedied by a cause of

14

action under [§ 1132(a)(1)(B)]." Jones, 370 F.3d at 1073 (quoting Katz v.

Comprehensive Plan of Grp. Ins., 197 F.3d 1084, 1088-89 (11th Cir. 1999)).

Thus, when a plaintiff brought a claim for wrongful denial of benefits under §

1132(a)(1)(B) and simultaneously brought a claim for breach of fiduciary duty

under § 1132(a)(3), the court dismissed the § 1132(a)(3) claim because the

plaintiff had an adequate remedy to recover benefits under § 1132(a)(1)(B).

See Katz, 197 F.3d at 1088.

Defendant insists that Plaintiffs also have an adequate remedy under §

1132(a)(1)(B).  The Eleventh Circuit squarely addressed this issue in Jones v.

American General Life & Accident Insurance Co.  There, the Eleventh Circuit

reversed a district court's dismissal of a § 1132(a)(3) claim and laid out the

appropriate framework for determining whether a plaintiff has stated a claim

under § 1132(a)(3):

> [T]he relevant concern in Varity, in considering whether the
> plaintiffs had a claim under [§ 1132(a)(3)], was whether the
> plaintiffs also had a cause of action, based on the same allegations,
> under [§ 1132(a)(1)(B)] or ERISA's other more specific remedial
> provisions. . . .  The relief that the plaintiffs sought in their
> complaint was not relevant to this inquiry.
>
> . . . Thus, for purposes of establishing whether the [plaintiffs] had
> stated a claim under [§ 1132(a)(3)], the district court should have

considered whether the allegations supporting the [§ 1132(a)(3)] claim were also sufficient to state a cause of action under [§ 1132(a)(1)(B)], regardless of the relief sought, and irrespective of the [plaintiffs'] allegations supporting their other claims.

Jones, 370 F.3d at 1073-74.

The court in Jones then stated, "Because the [plaintiffs] concede for the purposes of this claim that they are not entitled to the group life benefit under the terms of their plan, the [plaintiffs] 'must rely on [§ 1132(a)(3)] or they have no remedy at all.' " Id. at 1074 (quoting Varity, 516 U.S. at 515).  Here, too, Plaintiffs concede they are not entitled to benefits under the terms of Ms. Biller's life insurance plan because she did not complete the conversion form on time.  Consequently, Plaintiffs have no remedy except for appropriate equitable relief under § 1132(a)(3).

Six Continents' attempts to distinguish this case are unpersuasive.  First, Six Continents argues that Plaintiffs have a remedy because Plaintiffs can still sue for conversion benefits even though Ms. Biller was no longer an employee when she attempted to convert her group policy.  (Def.'s Reply, Dkt. [22] at 10-11.)  But the cases Six Continents cites merely held that ERISA applied to a converted policy, Glass v. United of Omaha Life Ins. Co., 33 F.3d 1341, 1347

16

(11th Cir. 1994) (holding that conversion of a policy "did not defeat ERISA coverage" because "the converted policy itself continued to be integrally linked with the ERISA plan"), and that former employees suing "for the decrease in value of a defined contribution account due to a breach of fiduciary duty" qualified as plan participants within the meaning of ERISA, <u>Lanfear v. Home Depot, Inc.</u>, 536 F.3d 1217, 1221-23 (11th Cir. 2008) (noting that former employees had "a colorable claim to vested benefits"). In neither case did the plaintiffs argue that their policies were never converted or that they were not entitled to benefits.

Second, Six Continents argues it is irrelevant that Plaintiffs are not entitled to benefits under the terms of the insurance policy because the relevant issue is not whether Plaintiffs would ultimately prevail on a claim under § 1132(a)(1)(B) but whether they could have brought one in the first place. (Def.'s Reply, Dkt. [22] at 13.) That is true. <u>See Katz</u>, 197 F.3d at 1089 ("[T]he availability of an adequate remedy under the law for <u>Varity</u> purposes[ ] does not mean, nor does it guarantee, an adjudication in one's favor"). But Plaintiffs could not have brought a claim under § 1132(a)(1)(B) for benefits due under the policy precisely because they concede they are not entitled to any as a

result of Defendants' breach.  <u>Jones</u> instructs courts to consider whether a

plaintiff's § 1132(a)(3) allegations could also state a claim under §

1132(a)(1)(B).  Here they do not.  <u>Cf.</u> <u>Ogden v. Blue Bell Creameries U.S.A.,</u>

<u>Inc.</u>, 348 F.3d 1284, 1288 (11th Cir. 2003) (holding that plaintiffs could not

assert a claim under § 1132(a)(3), even though their claim under §

1132(a)(1)(B) was barred by res judicata, because § 1132(a)(1)(B) provided

them with an adequate remedy when plaintiffs' cause of action arose).

Accordingly, Plaintiffs have no remedy other than one for appropriate equitable

relief under § 1132(a)(3).[4]

---

[4]The Court notes that it recently held in <u>Ensley v. North Georgia</u>
<u>Mountain Crisis Network, Inc.</u>, No. 2:12-CV-254-RWS, that a plaintiff could
not proceed under § 1132(a)(3) because § 1132(a)(1)(B) provided an adequate
remedy for her breach of fiduciary duty claim.  (<u>See</u> Aug. 20, 2014 Order, Dkt.
[59].)  In that case, the plaintiff alleged in her complaint that she was entitled to
enroll in an employer-sponsored group health plan that was offered to all
employees working forty hours per week.  (No. 2:12-CV-254-RWS, Compl.,
Dkt. [1] ¶¶ 11, 13.)  And even though the plaintiff asked the defendants to
enroll her in the plan on multiple occasions, the defendants refused to do so.
(<u>Id.</u> ¶¶ 16-17, 21.)  She further alleged that she was the only eligible full-time
employee who was not offered insurance under the plan.  (<u>Id.</u> ¶ 20.)
    Based on these allegations, the plaintiff sued under § 1132(a)(3), arguing
that "[u]nder the terms of the Plan, Plaintiff was eligible for and entitled to
participate in the Plan throughout her employment with the [employer]."  (<u>Id.</u> ¶
30.)  Thus, although the plaintiff argued she was not suing for benefits and had
no adequate remedy under § 1132(a)(1)(B), the Court disagreed, holding that
"[t]he root of Plaintiff's grievance is that she was wrongfully denied health and

18

C.    <u>Whether Plaintiffs Seek Appropriate Equitable Relief</u>

Finally, Six Continents asserts that Plaintiffs do not seek appropriate equitable relief authorized by § 1132(a)(3) because they essentially seek money damages.  (Def.'s Br., Dkt. [11-1] at 8.)  Plaintiffs ask for equitable relief "to make plaintiffs whole under, but not limited to, theories of surcharge, restitution or equitable estoppel."  (Compl., Dkt. [1] ¶ 31.)  Six Continents contends that under Plaintiffs' cases, a surcharge remedy "is only available against the fiduciary of the plan under which benefits are sought."  (Def.'s Reply, Dkt. [22]

---

dental benefits during her employment and after her termination."  (No. 2:12-CV-254-RWS, Order, Dkt. [59] at 12.)  Accordingly, "the [plaintiff's] allegations supporting the [§ 1132(a)(3)] claim were also sufficient to state a cause of action under [§ 1132(a)(1)(B)]."  <u>See</u> <u>Jones</u>, 370 F.3d at 1073-74.

Here, in contrast, Plaintiffs allege that they are not entitled to benefits under the terms of the Plan because Ms. Biller did not complete the application for conversion.  While the plaintiff in <u>Ensley</u> also argued she was not entitled to benefits, the allegations in her complaint revealed that she believed she was entitled to join the plan, yet the defendants wrongfully denied her demands to enroll.  Thus, in <u>Ensley</u> the employer made a determination that the plaintiff was not qualified even though all other full-time employees were enrolled.  Ms. Biller alleges, on the other hand, that Defendants breached their fiduciary duties by failing to properly advise her about the conversion process and failing to mail her the application form on time.  Due to this breach, Ms. Biller did not complete the conversion process as required under the Plan, and because Ms. Biller failed to apply for the individual policy on time, Plaintiffs are not entitled to any benefits.  Therefore, Plaintiffs' only remedy for Defendants' breach is for equitable relief under § 1132(a)(3).

19

at 14.)  As explained above, the Court finds that Six Continents is a fiduciary

under the circumstances here.  But Six Continents further asserts that a

surcharge is appropriate "only to the extent necessary to ensure that a fiduciary

not retain a benefit obtained through a breach."  (Id. at 14-15.)  Because Six

Continents did not gain a benefit or fund the life insurance policy, it argues a

surcharge is inappropriate.  The Court disagrees.

      In CIGNA Corp. v. Amara, 131 S. Ct. 1866, 1880 (2011), the Supreme

Court stated that a surcharge was an appropriate form of equitable relief under §

1132(a)(3).  The Court noted that ERISA typically treats plan fiduciaries as

trustees, and historically, "[e]quity courts possessed the power to provide relief

in the form of monetary 'compensation' for a loss resulting from a trustee's

breach of duty, or to prevent the trustee's unjust enrichment."  Id. at 1879-80.

Consequently, "[t]he surcharge remedy extended to a breach of trust committed

by a fiduciary encompassing any violation of a duty imposed upon that

fiduciary."  Id. at 1880.  The Amara Court found it "critical" that an ERISA

fiduciary is analogous to a trustee, and held that monetary "make-whole" relief

like a surcharge was "within the scope of the term 'appropriate equitable relief'

in [§ 1132(a)(3)]."  Id.

20

The Supreme Court thus recognized that a surcharge could be an appropriate remedy not just for a fiduciary's unjust enrichment but for "a loss resulting from a trustee's breach of duty." Id.; accord Skinner v. Northrop Grumman Ret. Plan B, 673 F.3d 1162, 1167 (9th Cir. 2012) (noting that "the remedy of surcharge could hold the [fiduciary] liable for benefits it gained through unjust enrichment *or* for harm caused as the result of its breach" (emphasis added)); see also Gearlds v. Entergy Servs., Inc., 709 F.3d 448, 450 (5th Cir. 2013) (discussing the scope of equitable relief under § 1132(a)(3) after Amara).  While Six Continents is correct that Plaintiffs have not alleged unjust enrichment, it ignores that a surcharge can provide relief for a loss resulting from a breach of fiduciary duty.  See RESTATEMENT (THIRD) OF TRUSTS § 100(a) (2012) (stating that a trustee who commits a breach of trust can be liable for loss of value to the trust or for any profits the trust would have made absent the breach).  The Court therefore finds that Plaintiffs seek appropriate equitable relief under § 1132(a)(3).[5]

---

[5]Because Plaintiffs seek an appropriate form of equitable relief, at this stage the Court need not address whether Plaintiffs would be entitled to other forms of equitable relief.

AO 72A
(Rev.8/82)

In sum, Plaintiffs have plausibly alleged that (1) Six Continents is a fiduciary with respect to the individual conversion process, (2) Plaintiffs' only remedy is appropriate equitable relief available under § 1132(a)(3), and (3) Plaintiffs seek appropriate equitable relief under § 1132(a)(3).

## Conclusion

For the foregoing reasons, Defendant Six Continents' Motion to Dismiss [11] is **DENIED**.

**SO ORDERED**, this __26th__ day of August, 2014.

**RICHARD W. STORY**
United States District Judge

22